EMPIRE GAS & FUEL CO. et al. v. SAUNDERS et al.[*]

Circuit Court of Appeals, Fifth Circuit.
December 8, 1927.

No. 5008.

1. Mines and minerals ⬸73½—Oil and gas lease held by its terms to cease to exist on failure to drill wells or pay rent.

Oil and gas lease, giving lessee right to drill within one year and extension of time on payment of stated sum, whether a mere option or an estate, held, by its very terms, to cease to exist on failure of lessee to drill well or pay rent, and rule as to relieving against forfeitures is inapplicable.

2. Mines and minerals ⬸79(6)—Lessor of oil and gas lease held under no duty to notify lessee of failure to pay correct rental, resulting in loss of rights.

Under oil and gas lease, providing for its termination if drilling is not begun within one year, unless kept alive by rental payments, time was of the essence of the contract, and lessor was under no duty to notify lessee of failure to pay correct amount due as rent, and could remain silent, and lessee could not rely on lessor's silence.

3. Mines and minerals ⬸79(6)—Lessor and one to whom he conveyed undivided interest held not joint owners, as affecting sufficiency of rental payment to grantee.

Where lessor and lessee and one to whom lessor conveyed undivided interest in portion of land all treated oil and gas lease as divisible,

[*] Rehearing denied January 7, 1928.

mistaken payment of half of rental to such other was not sufficient, on ground that such other was joint owner with lessor.

Appeal from the District Court of the United States for the Northern District of Texas; James Clifton Wilson, Judge.

Suit by J. M. Saunders and others against the Empire Gas & Fuel Company and others. Decree for plaintiffs, and defendants appeal. Affirmed.

Edwin T. Phillips and David B. Trammell, both of Fort Worth, Tex. (J. W. Finley, of Chanute, Kan., Warren T. Spies, of Bartlesville, Okl., Phillips, Trammell & Chizum, of Fort Worth, Tex., on the brief), for appellants.

Charles C. Cook, of Pampa, Tex., for appellees.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

BRYAN, Circuit Judge. Saunders sued to have an oil and gas lease of four quarter sections of land adjudged to be terminated and canceled, completely as to two quarter sections of which he was the sole owner, and in so far as it affected his undivided half interest in the two remaining quarter sections. The suit was brought against the Empire Gas & Fuel Company, as lessee, and the Equitable Trust Company of New York, which held a lien inferior to the lease. A decree was entered, which granted the relief prayed for by Saunders, and also adjudged the Magnolia Petroleum Company, which was made a party to the suit, to be the owner of the other undivided half interest in the minerals under two of the quarter sections of land.

The trial was had upon the following agreed statement of facts:

On June 26, 1917, appellee executed to the Empire Company an oil and gas lease of the four quarter sections, which provided, among other things, that "if operations for the drilling of an oil and gas well are not begun on said land on or before the 26th day of June, 1918, this lease shall terminate as to both parties, unless the lessee, on or before that date, shall pay or tender to the lessor, or deposit to the credit of J. M. Saunders, in the First National Bank, at Pampa, Tex. (which shall continue as the depository, regardless of changes in ownership of the land), the sum of $32.00, which payment or tender may be made by the check or draft of the lessee, and, however made, shall operate to confer on the lessee the privilege of deferring the commencement of such well, for six months from said date. Thereafter, in like manner and upon like payments or tenders of said amount, the commencement of said well may be further deferred for additional periods of six months successively, provided, always, that this lease cannot be kept in force by such payments, in the absence of drilling operations for a longer period than 10 years from the date last above set forth, if within said time oil or gas is not found in paying quantities; but, if so found, this lease shall continue in full force and effect so long as oil or gas is found in paying quantities" No wells were drilled, but the lessee paid the rental or delay money up to and including June 26, 1924, and thus kept the lease in full force and effect until December 26, 1924.

On June 25, 1924, Saunders conveyed an undivided half interest in the minerals in two of the quarter sections to M. J. McLaughlin, which, on September 8, 1924, McLaughlin conveyed to the Magnolia Company. Copies of these conveyances were furnished the Empire Company subsequently to the payment of the rent due June 26, and prior to November 20, 1924, with the request from the Magnolia Company to pay directly to it the rent to which it would from time to time be entitled. The Empire Company, through mistake, made an entry on its lease record, which it relied on in making payments of rent, to the effect that the Magnolia Company was the owner of half of the minerals under the entire lease, and was therefore entitled to half of the rental payments, and on November 20, 1924, sent to the bank designated as the depository in the lease a check for $16 for deposit to the credit of Saunders, and a check for a like amount to the Magnolia Company. On November 25 the bank received the Saunders check, deposited it to his credit, and sent him a duplicate deposit slip. As soon as Saunders received the deposit slip, he instructed the bank that he would not accept $16, as he was entitled to $24 under the lease. On December 11 the bank took the deposit of $16 from his account and placed it in an escrow account, but the Empire Company was not notified of this action until after December 26, 1924, when it received a letter from Saunders, in which he took the position that the lease was at an end, because of a failure to pay the full amount of rent on the date it was due. The Magnolia Company, at the request of the Empire Company, within a few days wrote to Saunders that it had ac-

cepted half the rent through mistake and inclosed a check for $8, which Saunders refused to accept.

Appellants insist the decree is erroneous because (1) the lease conveyed an estate in fee, and therefore the equitable rule against forfeiture because of an excusable mistake should be applied; (2) Saunders and the bank, his agent, had knowledge that the Empire Company had made a mistake in the amount of its check in time to give notice before the December installment of rent was due, and by their silence misled the Empire Company into believing that the rental had been paid in full; (3) payment of half the rent to the Magnolia Company was sufficient, because it was a tenant in common with Saunders; and (4) the decree fails to establish the validity of the lease as against the Magnolia Company.

[1] 1. In Gillespie v. Bobo, 271 F. 641, this court held that the same form of lease as is here involved granted a mere option to the lessee, and that, on failure to exercise that option by drilling wells or paying rentals when due, the lease terminated, not by forfeiture, but in accordance with its provisions. It is conceded that that decision correctly interpreted the rule of property in force at that time under the Texas decisions; but it is said that later decisions of the Texas courts have changed that rule of property, and now hold that a lease such as this conveys an estate in fee, either upon condition subsequent or limitation. Without conceding, but assuming, this statement to be correct, we cannot see that it makes any difference so far as this case is concerned. The lease here involved, whether it be a mere option or an estate, by its very terms ceases to exist upon the happening of either of two events, namely, failure to drill wells or failure to pay rent. We understand that to be the ruling of the Supreme Court of Texas in a decision rendered since our decision in Gillespie v. Bobo, supra. Texas Co. v. Davis, 113 Tex. 321, 254 S. W. 304, 255 S. W. 601. See, also, Caruthers v. Leonard, 254 S. W. 779, a decision by the Commission of Appeals, approved by the Supreme Court. In accordance with what was said in Gillespie v. Bobo, we repeat that in our opinion the equitable rule as to relieving against forfeiture has no application to the facts of this case, for there was no forfeiture; there was nothing to be forfeited, because the lease by its very terms had ceased to exist.

[2] 2. The lease under consideration provides that, if drilling is not begun within one year from its date, the rights of the lessee shall terminate, unless the lessee keeps it alive by making the payments of rent. It makes time the essence of the contract. The lessee is not obligated to do anything, but, if it fails either to drill wells or to make the payments of rent as and when due, its rights and privileges are at an end. The lessor was under no duty to notify the lessee of a failure to pay the correct amount due as rent, and had the right to remain silent. Under these circumstances, the lessee could not rely on the lessor's silence.

[3] 3. All the parties interested treated the company's contract as being divisible. The Empire Company placed that construction upon it, and undertook to make separate payments. Appellants cite a number of cases which relate to payments required to be made to joint owners, but they are not applicable here. They also rely on Empire Gas & Fuel Co. v. Higgins Oil & Fuel Co., 279 F. 977, decided by this court. In that case it was held that the rent was paid within time to the designated bank for credit to the party entitled to receive it. We do not think that case is in point here.

4. The validity of the lease, in so far as the Magnolia Company is concerned, was not questioned, and the decree in effect merely recognizes that company's undisputed ownership of an interest in the minerals under a portion of the land. The only affirmative relief granted was that prayed for by Saunders. As between the Magnolia Company and the Empire Company, the situation remains unaffected by the suit.

The decree is affirmed.