### HAMMONDS et al. v. FLEWELLEN et al.

#### No. 4078.

Court of Civil Appeals of Texas. Texarkana.

March 25, 1932.

Rehearing Denied April 7, 1932.

right in the lease, because (1) the lessor consented to the deferment of rental payment until the termination of a suit to be instituted to remove the claim and existence of incumbrance upon the premises of an outstanding gas and oil lease, and (2) the circumstances are sufficient to constitute estoppel as the lessor by acts and conduct so dealt with the lessee as to mislead her into supposing that the rental payment at the time due in the lease would not be insisted on, but would be deferred during the pendency of an action to free the leased premises from the existence of incumbrance.

The lease under consideration expressly provides that the rights thereunder of the lessee shall terminate if the drilling of a well in exploration of oil be not begun, or, in lieu of it, payment of the rental stated, on or before December 1, 1930. The stipulation clearly manifests that time is the essence of the contract, and the parties have expressly so treated it. And by its very terms all the rights and privileges of the lessee would legally cease to exist upon the failure at the time specified, either to commence to drill the well or to make the rental payment. Texas Co. v. Davis, 113 Tex. 321, 254 S. W. 304, 255 S. W. 601; Humble Oil & Ref. Co. v. Davis (Tex. Com. App.) 296 S. W. 285; Empire Gas & Fuel Co. v. Saunders (C. C. A.) 22 F.(2d) 733. That is the contract, and the parties had the right to make it. It is apparent then that, unless the lessee was absolved from strict performance within the time limit, there is ample foundation for a decree in favor of the lessor adjudicating the termination of the lease upon the proof, as conclusively established, of entire failure on the part of lessee of performance of this condition. Undoubtedly the lessee would be absolved, and the lessor could not demand rental payment within the time limited in case the lessor consented to another time of rental payment, as a substitution pro tanto of what the parties had contracted, for every such agreement is ended by a new one which contradicts it. The power is legally existing, as a fundamental principle of law, to parties to a contract which has not been fully performed by mutual consent to alter or modify its provisions. There is doubt, though, of the application in the circumstances of the case. The evidence, it is believed, does not, as matter of pure law, produce assurance and certainty that a new parol contract assented to by both the lessor and the lessee was made modifying the condition for the payment of the rental by December 1, 1930. The facts are not clearly established forming proper basis for an absolute and conclusive presumption of law. The inferences the circumstances warrant are questions purely for the jury. The points under consideration entirely rest upon the circumstances as respects efforts and purpose to have instituted court proceed-

Scott, Casey, Hall & McHaney and Campbell, Hurst & Lee, all of Longview, for appellants.

Chas. D. Smith, of Beaumont, Bramlette & Meredith, of Longview, H. L. Baughman, Ben G. Smith, and E. H. Ratcliff, all of Fort Worth, and Thompson, Knight, Baker & Harris, of Dallas, for appellees.

LEVY, J. (after stating the facts as above).

There is presented on appeal the points in view, in effect, that the lessor may not assert failure of compliance of the lease provision to pay the rental within the time limited, of December 1, 1930, and defeat the lessee's

ings to remove the existence of the incumbrance upon the premises. As was shown, there was a prior oil and gas lease of the premises, executed some ten years previous to the present lease. That lease was duly registered, and notice of the lease would be legally imputed, although the lessee had no actual notice of its existence. And there does not appear any covenant of the lessor to make the present lessee a lease free from incumbrances. In this situation, the present lessee at a time some three weeks before the rental payment was due, and in the purpose and aim to have freedom of the premises from the claim and existence of an incumbrance, asked the lessor to enter suit to terminate and quiet the title against the outstanding lease. She proposed to bear the cost and pay the attorney's fees of the litigation. The rental payment due on December 1, 1930, was to be deferred until the termination of that litigation. There is evidence going to show that the lessor "flatly refused to enter the suit," and, after and during several conferences between the parties, he was not willing to defer the time of rental payment beyond December 1, 1930. There is evident different declarations by the parties, and presumptions reasonably arise from the circumstances that there was no understanding of the time of rental payment different from that stated in the lease itself. Where from a given set of circumstances two conflicting presumptions arise, an absolute and conclusive presumption of law cannot be said to prevail. Where a presumption is one of fact merely, the appellate court is not warranted in disturbing the findings of the jury or the trial court.

■■ It is the plainly settled rule that, if a person, either by words or conduct, has in-

timated that he will offer no opposition to an act to be done, or induces a reasonable belief that he consents to the act in view to be done, and another person is thereby induced to do that from which he otherwise might have abstained, such person would be estopped from questioning the act done or the fair inference to be drawn from his conduct. If indeed the lessee was induced to believe that strict observance of rental payment when due by December 1, 1930, would not be required of her, it must rest upon the fair inference to be drawn from the lessor's conduct during the conferences between the parties. The answer is that the circumstances present a pure question of fact. There is affirmative evidence authorizing a conclusion of fact that during the conferences the lessor and those acting for him refused to accept the proposition of the lessee to finance a suit to terminate the outstanding lease and defer payment of rental pending such suit. The proposal to finance the suit and to defer the rental payments during the pendency of the suit were terms connected together and not divisible nor intended by the parties to be separate. No inference from acts or from conduct can be depended upon as reliable drawn from disputable circumstances. If the circumstances authorized the presumption, as is believed might be inferred by the trial court, that the lessor did not reasonably lead the lessee into the belief that the rental payment at the exact time would not be insisted on, then the equitable situation would be entirely wanting. The element of deception or of acquiescence would not be existing.

The judgment is affirmed. The judgment as respects the appellees B. K. Isaacs, trustee, and John L. Lamkin, receiver, and J. J. Llewellen, not being appealed from, will remain in all things undisturbed.