**W. B. MATTISON and Harry Hampton, Appellants,**

v.

**W. L. TROTTI, Appellee.**

**No. 17412.**

United States Court of Appeals
Fifth Circuit.

Jan. 13, 1959.

Howard P. Castle, W. G. Walley, Jr., Beaumont, Tex., for appellants.

James F. Parker, Jr., James F. Parker, Beaumont, Tex., for appellee.

Before HUTCHESON, Chief Judge, and CAMERON and WISDOM, Circuit Judges.

HUTCHESON, Chief Judge.

Brought here on an "Agreed Statement of Case on Appeal Pursuant to Rule 76 of the Federal Rules of Civil Procedure [28 U.S.C.A.]", this appeal is from a judgment on the pleadings adjudicating that an oil, gas and mineral "unless" lease had terminated for failure to comply with the terms of the lease.

Appellee's predecessors in interest, owning an undivided interest in 92 acres of land, executed a standard form lease [1] on said interest, providing for a five year primary term and containing the usual "unless" clause "if operations for drilling are not commenced on said land or on acreage pooled therewith, as above provided, on or before one year from this date, the lease shall then terminate as to both parties unless on or before such anniversary date lessee shall pay or tender to lessor * * *" the rentals called for in the lease. It further provided "in like manner and upon like payments or tenders annually, the commencement of drilling operations may be further deferred for successive periods of twelve months during the primary term. * * *"

The lease also contained the usual clauses for additional drilling prior to and after discovery of oil and gas, and a shut-in royalty clause providing in effect that while there was a shut-in gas well on the lease, the lessee might pay the specified shut-in royalty in order that gas would be considered as being produced from such lease.

No drilling was commenced during the first year but the required delay rental was paid on or before the anniversary date. During the second year of the primary term, drilling operations were commenced and a gas well was drilled not by lessee but by the Houston Oil Co., which was the owner of a lease covering other undivided interests in the tract. This well was not induced or procured by appellants, nor was it drilled under any agreement or understanding between Houston and appellants, except that in law appellants would be entitled to their legal interest as non-participating cotenants in the oil produced.

Appellants did not pay, agree to pay, or in any way contribute to the cost of the well. After the well was brought in, it was not produced but was shut in. No shut-in payments were made to appellee, nor did appellants pay the rental called for in the lease before the expiration of the second year.

In support of the judgment, appellee, pointing out that the lessees have not, as required by the lease, drilled on or produced oil from the land, nor have they paid the rentals required by the lease,

---

1. As pertinent here, clause 1 of the lease provided:

"1. Lessor, in consideration of ten dollars and other good consideration in hand paid, of the royalties herein provided, and of the agreement of Lessee herein contained, * * * leases and lets exclusively unto Lessee for the purpose of * * * drilling and * * * producing oil, gas and all other minerals * * *, the following described land * * *" to-wit, the undivided interest above stated.

but, without furnishing or offering to furnish the consideration on which alone they obtained the lease, are seeking to claim the benefit of the Houston Oil well as a performance on their part of the consideration, urges upon us that they cannot in law do this, and the judgment must be affirmed.

In the alternative, he insists that if appellants, under any conceivable theory, can claim that the drilling of its well by the Houston Oil Co. is to be regarded as the drilling of a well by lessees, the judgment is still right, because the Houston Oil well was not produced but shut in, and the lease specifically provides that in order for a well to be considered a producing well within the terms of the lease, it must either produce, or shut in royalty in lieu of production must be paid, and here neither occurred.

We find ourselves in complete agreement with appellee's primary contention. Appellants' reliance upon the claim that, because Sec. II of the lease, providing that the lease would remain in effect during the primary term "or as long thereafter as oil or gas or either of them is produced from said land", does not contain the words "by the lessee", the lease must be held to be one in which the lessees are entitled to hold the lease without giving or paying any consideration therefor, will not at all do. Such a construction would be contrary not only to ordinary rules of construction of a written instrument for the purpose of ascertaining the intention of the parties, but also to the uniform holding of the Texas decisions that in an oil and gas lease, where there is no cash consideration paid, the drilling for and the production of oil or gas by the lessee is the prime consideration, and if not so stated in the lease will be read into it.

Here lessor's "undivided interest" was the land described as leased "exclusively unto lessees for the purpose of drilling and producing oil, gas and other minerals". "Drilling operations" on said land in Paragraph V necessarily means operations by the lessees, since theirs was the exclusive right to drill on the undivided interest leased to them by lessor, and drilling by Houston Oil Co. under a lease to it by others of their undivided interests will not serve. This, we think, is too clear to need authority, but if authority were· needed, Willson v. Superior Oil Co., Tex.Civ.App., 274 S.W.2d 947 fully supports our conclusion.

Earp v. Mid-Continent Petroleum Corporation, 167 Okl. 86, 91 A.L.R. 188, 27 P.2d 855, 866, relied on by appellants as supporting a contrary conclusion, does not do so. Indeed, it was on a quotation from that case that the Texas court, in the Willson case, relied in part. In Earp's case, the court based its decision upon its view that "the evidence reasonably supports" the conclusion that the plaintiff and defendants interested in the lease in controversy had "placed such a construction upon the terms of the contract" as to make the drilling of a well by another lessee a compliance with the lease. There was no evidence supporting or tending to support such a conclusion here.

Appellants' reliance on Sinclair Prairie Oil Co. v. Campbell, 5 Cir., 164 F.2d 907, in support of their claim that their situation is comparable to a case where a well is drilled on a part of a lease which has been assigned, is equally vain. For, as shown by the elaborate discussion in Cosden Oil Co. v. Scarborough, 5 Cir., 55 F.2d 634, cited in Sinclair's case as the authority for its decision, the basis for the holding is the *privity* of assignor and assignee.

On the failure of appellants, therefore, either to pay the delay rental or to commence operations for drilling on the leased premises on or before the second anniversary, March 6, 1956, the lease automatically terminated. No forfeiture was, or is, involved.

As early stated by Judge Bryan for this court, in Empire Gas & Fuel Co. v. Saunders, 5 Cir., 22 F.2d 733, 735, the following is the settled Texas rule:

"The equitable rule as to relieving against forfeiture has no application to the facts of this case, for there was no forfeiture; there was

nothing to be forfeited, because the lease by its very terms had ceased to exist." [2]

and its application to the facts here disposes adversely of the appeal.

Because this is so and we are in no doubt that appellee's first ground in support of the judgment must be sustained, we find it unnecessary to, and we will not, consider or determine whether his alternative contention is also correct.

The judgment is affirmed.

---

2. Cf. St. Louis Royalty Co. v. Continental Oil Co., 5 Cir., 193 F.2d 778, at page 781; West v. Continental Oil Co., 5 Cir., 194 F.2d 869; Gas Ridge v. Suburban Agricultural Properties, 5 Cir., 150 F.2d 363; Hamilton v. Baker, 147 Tex. 240, 214 S.W.2d 460; Haby v. Stanolind Oil & Gas Co., 5 Cir., 228 F.2d 298; Woolley v. Standard Oil Co., 5 Cir., 230 F.2d 97; Colby v. Sun Oil Co., Tex.Civ.App., 288 S.W.2d 221.