STEPHENSON et al. v. CALLIHAM et al.
(No. 7655.)

(Court of Civil Appeals of Texas. San Antonio. Dec. 15, 1926.)

1. Mines and minerals ⬅️77—"Forfeiture" of oil lease is cancellation for breach of express or implied covenant by lessee.

"Forfeiture," as relating to oil and gas lease, means cancellation of lease for breach of express or implied covenant resting by its terms on lessee.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Forfeit —Forfeiture.]

2. Mines and minerals ⬅️78(2)—Discontinuance of drilling operations by lessee held to terminate lease extending during drilling and as long as oil is produced.

Oil lease extending for two years and during drilling operations, and as long thereafter as oil is produced, was terminated when drilling operations commenced prior to two-year period were discontinued by lessee, and lease could not be revived by any act of lessee.

3. Mines and minerals ⬅️78(3)—Lessor need not give notice of intention to forfeit lease terminated by discontinuance of drilling.

Provision of oil lease, requiring notice by lessor of intention to forfeit, and allowing lessee 60 days in which to prevent forfeiture, does not apply in action for cancellation of lease terminated by discontinuance of drilling by lessee.

4. Mines and minerals ⬅️77—Forfeiture of oil leases, which are strictly construed against lessee, are favored.

Oil and gas leases must be strictly construed in favor of lessor, and forfeiture of such leases are favored.

5. Mines and minerals ⬅️78(2)—Good faith of lessee held immaterial, where lease was terminated by lessee's discontinuance of drilling.

Where oil lease sought to be canceled was terminated by discontinuance of drilling operation by lessee, good faith of lessee in operations under lease was immaterial.

Appeal from District Court, McMullen County; T. M. Cox, Judge.

Suit by Mrs. S. A. Calliham and others against W. M. Stephenson and others. Judgment for plaintiffs, and defendants appeal. Affirmed.

Arthur M. Green, of San Antonio, for appellants.

H. S. Bonham and L. D. Stroud, both of Beeville, for appellees.

SMITH, J. The appeal is from a judgment decreeing the cancellation of an oil and gas lease upon a tract of 200 acres of land in the Calliham field in McMullen county. In its essentials the contract was in the usual form of such instruments, and was for a period of two years from its date "and during drilling operations thereon, and as long thereafter as oil or gas or either of them is produced" from the land. The lease contained a stipulation that:

"It is expressly agreed that the lessor shall not have the right under this contract to declare a forfeiture without having first given lessee notice in writing of the claim for such forfeiture, after the receipt of which lessee shall be entitled to 60 days in which to begin to do and perform the necessary thing to prevent such forfeiture."

No oil or gas was produced under the lease, but a well was commenced on May 12, 1924, 4 days before the end of the 2-year period covered by the lease. This operation continued until the well reached a depth of 153 feet, at which juncture, on June 9, drilling ceased, the lessee moved the rig from the premises, and nothing further was done in the venture. About 6 weeks later, and without notice to the lessee, the lessor brought this suit, as appellees express it, "to have the lease adjudged to have expired and to be of no further force or effect."

The controlling question presented in the appeal is that of whether or not, under the facts stated, the lessor had the right to cancel the lease without having first given notice to the lessee of the purpose to cancel and allowing him 60 days in which to perform the acts "necessary to prevent forfeiture," in accordance with the above-quoted provision of the contract. The question has not been without its difficulties. We have concluded, however, that such notice was not requisite to the right of the lessor to maintain this action for cancellation. This conclusion involves, somewhat, the meaning of the word "forfeiture," as it is used in the contract.

[1] Ordinarily, forfeit means the loss of an apparent right. To enforce a forfeiture against a person is to deprive him of some-

---

⬅️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

thing to which he has an apparent right. As it relates to an oil and gas lease, the forfeiture of the contract usually means that the lease is canceled for breach of an express or implied covenant resting by its terms upon the lessee; that the latter has failed to perform some express or implied obligation, whereby he has lost, or forfeited, his contractual right to fully enjoy the lease until it is ipso facto terminated by its own limitations. Failure to commence drilling operations at the time provided in the lease, or to diligently prosecute those operations during the life of the lease, are familiar examples of cause for forfeiture. If such operation is not commenced within the time prescribed, or is not diligently pursued to the satisfaction of the lessor, his remedy is to notify the lessee of such dissatisfaction, and if the latter does not commence or accelerate development, or if he suspends operation altogether during the life of the lease, the lessor may proceed to declare a forfeiture of the lessee's remaining rights under the contract.

[2] But that is not the case presented here. The 2-year period provided for in the lease expired on May 16, 1924. The lessee had commenced operations in accordance with the stipulations of the contract, which preserved the lease to the end of the stipulated period. From that day on the lease period could be projected only by continuous operations, so that the moment those operations ceased from any cause, other than the act of God, the public enemy, or the government, the lease ipso facto terminated, and could not be revived by any act of the lessee. It became absolutely inoperative. Under no provision of the contract could the lessee re-enter and resume operations which he had previously discontinued.

[3] Under this state of facts we hold that the provision for giving notice of an intention of forfeiture, and allowing 60 days to the lessee in which to "do and perform the necessary thing to prevent forfeiture" does not apply. The lease period had already fully expired through the cessation of drilling. The only act which could possibly have kept the lease in force after its stipulated period was continued drilling operations, and, those operations having once wholly ceased, the life of the lease could not be thereafter restored, for there was no provision or permission for a resumption of those operations when once discontinued. No purpose could be served by the lessor giving the lessee notice of an intended cancellation, for there was nothing the lessee could do to "prevent" such cancellation. He could not continue an operation which had in fact been discontinued for a period of 6 weeks, and he could not revive the lease under any of its provisions by resuming operations. By his own act of destroying the last spark

of life in the lease, he cut himself off from the only means of preserving it, and is now without a remedy.

[4] We therefore hold, particularly in deference to the rules that oil and gas leases shall be strictly construed in favor of the lessor, and that, contrary to the general rule, forfeitures of such leases are favored, that by the terms of this lease it was fully and irrevocably terminated upon cessation of drilling operations, and that appellees properly brought and may maintain this action to cancel, without first giving notice to appellants of the intention to cancel. In pursuance of this conclusion, we overrule appellants' first proposition.

[5] Under their second proposition, appellants complain of the exclusion of testimony tending to show their good faith in the operations upon the lease. We overrule this proposition, for the reason that the issue of good faith is not material to the controlling question, about which there is no dispute in the evidence. If the action of the court in excluding the proffered testimony was erroneous, it was nevertheless harmless. It could not affect the merits of the case.

For like reasons, we overrule appellants' remaining propositions.

The judgment is affirmed.