**CRAWFORD et al. v. HUMBLE OIL & REFINING CO.**

No. 11156.

Court of Civil Appeals of Texas. Galveston.

April 17, 1941.

Rehearing Denied May 15, 1941.

J. R. Hill and P. Harvey, both of Houston, for appellants.

C. D. Duncan, of Bellville, and Felix A. Raymer, of Houston (E. E. Townes and R. E. Seagler, both of Houston, of counsel), for appellee.

GRAVES, Justice.

This is an appeal from a judgment of the District Court of Austin County, sitting without a jury, decreeing that appellants take nothing in their suit herein against the appellee for $250,000 damages, "and for title to and possession of all of the oil, gas, and other minerals, and the mineral-estate in, under, and upon 9 acres of land off the southeast end of all or part" of a specifically-described 54½ acres of land, out of the W. C. White League in Austin County, known as the Calvin Jackson Homestead Tract.

The trial court supported its judgment by extended findings of fact, which embody all the essential facts agreed to by the parties in a written "stipulation" filed by them at the trial, and upon which the appealed-from judgment was predicated, together with this single conclusion of law:

"I conclude as a matter of law that title to the oil, gas, and other minerals on, in, and underlying the whole of the 54½ acre tract of land, which includes the nine acres sued for herein, is vested by defeasible fee simple estate in defendant Humble Oil & Refining Company, and that no title to said 54½ acre tract, or any part thereof, is vested in the plaintiffs, or any one or more of them.

"(Signed) M. C. Jeffrey,
Judge Presiding."

Since, in the opinion of this court, the "stipulation" so made by the parties—unusual as it self-evidently is—goes to the base of this litigation, thereby removing from determinative effect the vast bulk of the proceedings brought here on appeal, recourse will at once be made to what are thought to be its controlling provisions.

Indeed, the reaches of that stipulation are thought to leave for decision upon the appeal only these structural inquiries, as thus stated in the appellee's brief:

"(1) Whether or not the instruments under which appellee holds sufficiently describe the land to place in motion the five-year statute of limitation, and

"(2) Whether or not the deed to Humble Pipe Line Company from Sander, dated September 12, 1928 'had the effect under all the circumstances and conditions occurring subsequent thereto of destroying the possession of said Sander or his assigns of the underlying minerals and the mineral estate in said lands.' "

In other words, it is considered that the material substance of the controversy gets down to such two inquiries, as the reasonable effect and meaning that should be given to these dominating features of the trial-stipulation, to-wit:

"(1) Sander, his tenants and assigns have openly and notoriously cultivated, used and peacefully enjoyed the same without interruption and without the filing of a suit to recover the estate or any portion thereof under such facts and circumstances, sufficient to mature title in him and his assigns to all of the land described in the deed to Calvin Jackson under the five year statute of limitation as against all the plaintiffs herein; if it be held, determined or decreed that the deeds to A. A. Sander described the lands sued for herein in such manner as is required

by the five year statute of limitation and the court decisions construing the same."

"(2) A. A. Sander, his tenants and assigns, with privity of estate between them * * * remained in possession of and openly and notoriously used, occupied and peacefully enjoyed the land sued for herein, as well as the whole of the 54½ acre tract, for a period in excess of ten consecutive years from and after October 23, 1919, in such manner and under such circumstances as to mature in said Sander or his assigns full fee simple title to the whole estate in said lands as against all plaintiffs herein, unless the deed to Humble Pipe Line Company from said Sander, dated September 12, 1928, had the effect, under all the circumstances and conditions occurring subsequent thereto, of destroying the possession of said Sander or his assigns of the underlying minerals and the mineral-estate in said lands."

If the quoted provisions embody the talisman with which to unlock the problems of this litigation, as, inferably from its findings, the trial court also thought, it will be unnecessary to go afield into other considerations.

Of course, both the stipulation and the court's findings of fact go much further into all details of the transactions with which the trial below had to do; but from the perspective of appellate review, it seems plain that if the incidents of either the 5 or 10-year statutes of limitation, Vernon's Ann.Civ.St. arts. 5509, 5510, were sufficiently made out in favor of the appellees' claim to the land (or mineral estate) sued for, both of which defenses were pleaded and relied upon by it, it would be a work of supererogation to follow into all the other winding trails that were explored in the trial court.

■ It seems conclusively clear, after a careful examination of the whole record, that title was shown to be in the appellee, under both of the cited statutes —that is, that each of the questions so posed, supra, should be answered (as in support of the judgment rendered) to the effect that the appellee's muniments of title did sufficiently describe the land to make the 5-year statute applicable in its favor, and that Sander's deed of September 12th of 1928 to the Humble Pipe Line Company did not have the effect of destroying the possession of himself, or

his assigns, of the mineral estate in the lands.

"The instruments under which appellee holds" and "the deed to Humble Pipe Line Company from Sander, dated September 12, 1928", together with the attending circumstances, out of which the two questions under consideration arise, are, in brief, sufficiently and correctly outlined by these further quotations from the appellee's brief and the record:

"A. A. Sander acquired the old Calvin Jackson homestead containing 54½ acres of land by two deeds, one from H. Miller which conveyed 'nine acres of land out of the W. C. White League, Abstract No. 101, in this county, and part of the Calvin Jackson homestead.' Appellants, by this appeal question the sufficiency of the description in this deed. The other deed was from Ora Lee Kelly and one of her various and sundry husbands, conveying 45½ acres, describing the whole 54½ acre tract, and excepting nine acres from the operation of the deed. The sufficiency of this instrument as a conveyance is not questioned.

"Sander at once entered upon the whole of the 54½ acre tract, and fenced it. Sander's acts, thereafter, are thus expressed by the 'stipulation' itself;

" 'On the 23rd of October, 1919, the said A. A. Sander entered upon the 54½ acre tract of land described in the deed to Calvin Jackson, and enclosed the whole of said tract with a substantial fence, which he and his tenants and assigns have maintained from said date to the present time, and' "; then follow the recitations copied, supra, under our numbers (1) and (2), respectively.

The deeds to the whole 54½ acres having thus come into A. A. Sander, and having been so acted under, with reference to all the land referred to therein, the conveyances out of him were, during his use, occupancy, and possession thereof, 1st, a mineral lease, covering the mineral estate, less certain reservations, in the whole 54½ acres, to Harry Pennington, of date March 6, 1926, which thereafter, by assignment from Pennington, passed to and vested in the appellee, Humble Oil & Refining Company; 2nd, a deed from him, dated September 12 of 1928, to the Humble Pipe Line Company, conveying the surface of the entire 54½ acres to it, less certain reservations, including a retention of all the minerals thereunder, with certain other rights, and being further specifically "subject to an outstanding oil-and-gas-lease now held by Humble Oil & Refining Company", et cetera.

By these instruments it becomes plain that both the named Humble Companies—that is, the appellee Oil Company, and the Pipe Line Company—became the mediate and immediate assigns, respectively, of A. A. Sander as to the rights and interests in these lands he undertook to deal with in the instruments he thus executed with reference thereto.

Indeed, that these two companies had so become "his assigns" is repeatedly recognized and agreed to between the parties in the "stipulation" as to the material facts they so filed on the trial.

Time is not here taken to even recapitulate the many other detailed provisions of the "stipulation" dealing directly and intimately with the possession of Sander and these assigns of his of the whole 54½ acres, because those details all merge into the two ultimate issues, as set out above; suffice it to say that it therein appears, without dispute, that, while he himself was in possession of the whole 54½ acre tract, Sander, on July 22 of 1928, placed the appellee in actual possession of the mineral estate in it all under his own fence, whereupon the latter immediately began a drilling campaign thereon, which it has ever since then maintained, producing minerals from the whole tract meanwhile; likewise, Sander, in his deed to the Pipe Line Company of the surface of the whole tract, on September 12 of 1928, would seem to have: First, ratified and confirmed the appellee's leases on the same land, by such specific reference thereto, since his deed to it fully described the land itself; second, he so expressly reserved from his conveyance of the surface to the Pipe Line Company the mineral-estate both he and the Pipe Line Company thereby expressly recognized to be in the appellee; third, he further imposed upon the latter an express obligation to protect all the appellee's and his own rights in such land for mineral development.

■ Wherefore, without further resort to the facts, these propositions of law, as contained in the appellee's brief, are here quoted with approval, as supporting the conclusions stated upon the two controlling questions involved, to-wit:

"1st: the judgment was the only correct judgment which could have been rendered, for the open, notorious, use and occupancy of the land enclosed by Sander's fence, gave appellants sufficient notice of Sander's claim to send them to the deed records of Austin County, where the deeds to A. A. Sander furnished sufficient description, collectively, to apprise the appellants of the basis of Sander's claim of title and place in operation the five year statute of limitation."

■ "2nd: A. A. Sander, on July 22, 1928, (nearly two months before the date of the Humble Pipe Line Company deed) delivered 'actual possession' of the minerals underlying the whole of the 54½ acre tract to Humble Oil & Refining Company. The execution of the Pipe Line Company deed to the surface of the land did not, therefore, have 'the effect * * * of destroying the possession of said Sander, or his assigns, to the underlying minerals;' for, from and after the date of the Pipe Line Company deed, the respective assigns of Sander were in possession of the separate estates conveyed to them, without a break of 'continuity', and with 'privity of estate' between them.'".

"Authorities: Article 5516, R.S.1925; Campbell v. San Antonio Machine & Supply Co., Tex.Civ.App., 133 S.W. 750, 752; McManus v. Matthews, Tex.Civ.App., 55 S.W. 589; Kilpatrick v. Gulf Production Co., Tex.Civ.App., 139 S.W.2d 653, writ dismissed-correct judgment; Green v. West Texas Coal Mining & Development Co., Tex.Civ.App., 225 S.W. 548; Texas Company v. Davis, 113 Tex. 321, 254 S.W. 304, 255 S.W. 601; Humphreys-Mexia Co. v. Gammon, 113 Tex. 247, 254 S.W. 296, 29 A.L.R. 607; Clements v. Texas Company, Tex.Civ.App., 273 S.W. 993, writ refused; Broughton v. Humble Oil & Refining Co., Tex.Civ.App., 105 S.W.2d 480, writ refused."

■ "3rd: A. A. Sander and Humble Oil & Refining Company and Humble Pipe Line Company, as his assigns, have continuously had and held peaceable, continuous, and adverse possession of said land, with privity of estate between them from October 23, 1919, to the date of filing the instant suit (almost twenty years), and have paid taxes on said land each and every year, as and when due, before delinquent; such agreement of the parties presumes the existence of every fact necessary to sustain the legal conclusions stipulated, and embraces every element required by law to mature a title under the 10-year statute of limitation."

■ "4th: The delivery of 'actual possession' of the minerals underlying the land from Sander to Humble Oil & Refining Company, and the immediate drilling and completion of a well on July 22, 1928, which 'was sufficient to and did in fact, from the time of its completion and during the entire period of its operation (viz., to the present time,) drain oil and gas from the whole of the said 54½ acre tract of land constitute sufficient facts, independent of the stipulations made constituting legal conclusions, to sustain the Trial Court's Twenty-Seventh Finding of Fact and his Conclusion of Law."

Presumably, at least, the trial court found title to the land sued for to be in the appellee under both the 5 and 10-year statutes of limitation, and the appellants have not shown otherwise; since the matter of notice is inherent in the law of limitation, under the authorities first cited herein, and since under these agreed facts, appellants were perforce affected with notice that Sander had these 9 acres they sued for in adverse possession, along with the remainder of the 54½ acre tract, it follows that appellee's deeds thereto did set in motion the operation of the 5-year statute against them; nor was the appellee dependent alone upon the one deed from Miller to Sander, however scanty the description of the 9 acres therein was, but it was entitled to rely, along with it, upon its other deed also, together with the records therein referred to by either or both such deeds.

How, under all these findings of actual possession of this whole 54½ acres, inclusive of the 9 acres, by both Sander himself and his admitted assigns—the two Humble Companies—there can be any sustained claim that Sander's September of 1928 deed destroyed the possession of the minerals under the 9 acres by either himself, or such assigns, does not readily occur to this court; to the contrary, under the authorities appended thereto, all the legal consequences detailed in the quoted propositions of the appellee are thought to follow almost as a matter of course; indeed, the established fact here is that on July 22 of 1928 the appellee took actual physical possession of the minerals underlying the whole 54½ acre tract, by drilling

into the sub-strata on that date and commencing its production of oil from the land; furthermore, this court finds no competent evidence in this regard locating the 9 acres of land the appellants herein sued for, whereas, Sander's delivery of actual possession of the whole 54½ acres, with "privity of estate" to the appellee, not only made the latter his assign by operation of law, but further left his two assigns in possession of the separate estates severally conveyed to them, along with himself, and without a break in the continuity thereof.

These conclusions require an affirmance of the trial court's judgment; it will be so ordered.

Affirmed.