## HIRSCH v. DEARING.

### No. 11235.

Court of Civil Appeals of Texas. Galveston.

May 29, 1941.

Hirsch, Susman & Westheimer and Walter J. Morrison, all of Houston, for appellant.

H. Fletcher Brown and Walter F. Brown, both of Houston, for appellee.

CODY, Justice.

This is a garnishment case in which the garnishee was discharged at the request of plaintiff in garnishment, without a trial, but not upon the garnishee's answer. The sole question on appeal is whether the allowance of $500 as attorney's fees, which were taxed as costs, should be reversed.

Appellant, who was the holder of a judgment against Phillip Stillman for a sum, inclusive of accumulated interest, in excess of $11,000, applied for a writ of garnishment against appellee. Appellee filed a sworn answer stating that he was not indebted to Phillip Stillman and had none of his effects, and asked to be discharged upon said answer, and stated that he had employed an attorney to prepare and file such answer and had agreed to pay said attorney $50 for his services, and that said sum was reasonable for such services. Appellant controverted appellee's answer, and alleged that he believed appellee was indebted to Phillip Stillman for attorney's fees incurred in the case of Druesedow v. Humble Oil & Refining Company and in the case of Settegast v. Kalb, and in connection therewith had effects belonging to Phillip Stillman, and if not that appellee had made an assignment or transfer thereof to a third person in order to defraud appellant, and that said assignment or transfer was void, and that appellee owed Phillip Stillman the indebtedness and effects aforesaid, notwithstanding said purported transfer. Thereupon appellee moved the court to direct the formation of issues under R.S.Art. 4095, between the plaintiff in garnishment and garnishee which motion the court granted. And the parties did file, pursuant to the court's order, pleadings forming issues, and in the pleading filed by appellee he asked for $500 as attorney's fees. Thereafter the court passed upon exceptions urged by appellee, as garnishee, to the pleading filed by appellant, as plaintiff in garnishment. Thereafter, on December 19, 1940, as appears from the judgment, the parties announced ready for trial, and waived a jury, and the plaintiff in garnishment thereupon announced that he had agreed to entering a judgment "discharging the Garnishee without further contest thereon, and it appearing to the Court that the only issue to be determined before such judgment be entered is the issue of what is a reasonable compensation to the Garnishee to be taxed against Plaintiff, and, the parties having announced ready for trial on that issue,

the court having heard the evidence and the arguments of counsel on that issue. * * *" And the court then awarded $500 as attorney's fees for appellee.

Appellant here urges three propositions as grounds for reversal of the trial court's judgment.

First. That appellee had pleaded under oath that the compensation which he had agreed to pay his attorney for filing his answer was $50 and that appellee was concluded by said pleading as judicial admissions from seeking to recover higher attorney's fees.

Second. That appellee was estopped by his pleadings to the effect that he had agreed to pay as attorney's fees the sum of $50 from recovering more than $50 as attorney's fees.

Third. That the award of $500 as attorney's fees, upon the discharge of appellee from the case without a trial was unreasonable and excessive.

There is no merit in appellant's propositions 1 and 2. Appellee's allegations of a contract to pay $50 as attorney's fees was contained in his formal statutory answer, wherein he asked to be discharged upon said answer. Appellant contested this answer, and undertook to hold appellee for the amount of the judgment which Phillip Stillman owed him, notwithstanding appellee's answer that he had no effects of Phillip Stillman, and that Phillip Stillman owed him nothing. In his amended pleading, filed after his sworn answer had been contested by appellant, appellee alleged that the compensation of $50 which was asked for before it had appeared that his answer would be contested was inadequate, and that the reasonable attorney's fees had become $500.

It is manifest that, in view of appellee's amended pleading in which he asked for $500 attorney's fees, he cannot be concluded by his superseded pleadings in which he asked for but $50 as attorney's fees; the authorities cited by appellant do not deal with pleadings which have been superseded and become functus officio.

The trial court, in determining what is a reasonable attorney's fee, has much discretion, and the trial court's determination of what is a reasonable attorney's fee will not be disturbed unless it appears that this discretion has been abused. Tex.Jur., Vol. 5, p. 539, 541; Japhet v. Pullen, Tex.Civ.App., 153 S.W.

1188; Texon Oil & Land Co. v. Hanszen, Tex.Civ.App., 292 S.W. 563. We recognize that we are not bound by the testimony introduced in the trial court as to the reasonableness of attorney's fees. Southland Ins. Co. v. Norton, Tex.Com.App., 5 S.W. 2d 767; Lile v. Sovereign Camp W.O.W., Tex.Civ.App., 1936, 100 S.W.2d 1033, particularly where the evidence is that of the interested attorney. Peerless Fire Ins. Co. v. Barcus, Tex.Civ.App., 227 S.W. 368. And in determining what is a reasonable attorney's fees, the judges of the court of civil appeals may consider the record, and their own common knowledge and experiences as lawyers and judges. Southland Life Ins. Co. v. Norton, supra. But this power of the Court of Civil Appeals to set aside a finding as to the reasonableness of attorney's fees is not a supervisory power; that is to say, the award of the trial court should not be set aside and the judgment of the court of civil appeals substituted merely because the court of civil appeals would, under the facts disclosed by the record, have allowed more or less than the trial court awarded. The trial court's award must stand unless the court on appeal holds that the award was so unreasonable and excessive as to establish an abuse of discretion. After reviewing the record we cannot hold that the award is an abuse of the trial court's discretion. It is shown that appellee's counsel put in some ten days preparing the cause for trial, and that the case was regularly set down for trial and that it was unknown to appellee's counsel that the cause would not be tried; and that said counsel had completed the cause for trial, and were ready to proceed to trial when they first learned that appellant would not go forward with the trial to contest appellee's answer. While the award of attorney's fees allowed by the trial court is generous, and might be more than this court would have made, that does not establish that the learned trial court abused his broad discretion. The range of what is a reasonable attorney's fee for services is wide. It not infrequently happens, and indeed it is the rule with careful attorneys that the greatest part of the labor involved in the trial of a case has been performed before they announce ready. While appellee asked only for $500 attorney's fees, and this sum contemplated compensation for trying the case as well as for its preparation, the allowance by the court of the full attorney's fee asked for does not establish an abuse of discretion.

It frequently happens that in suits on promissory notes for instance that the defendants confess judgment and yet the attorney's fees are awarded which were asked for in case of trial. It would be illogical to say that an attorney's services were less valuable because his adversary found him so well prepared that he confessed judgment, than if he found him so ill prepared as to encourage him to contest the cause. It does not so clearly and satisfactorily appear that the attorney fees awarded by the learned trial judge was so excessive as to show an abuse of discretion, and we decline to set the award aside, but do affirm the judgment.

Affirmed.