GAS RIDGE, Inc., v. SUBURBAN AGRICULTURAL PROPERTIES, Inc.

No. 11232.

Circuit Court of Appeals, Fifth Circuit.

July 12, 1945.

Rehearing Denied Sept. 13, 1945.

See 150 F.2d 1020.

Arthur H. Bartelt, of Austin, Tex., for appellant.

Knox Miller, of San Antonio, Tex., for appellee.

Before SIBLEY, HUTHESON, and LEE, Circuit Judges.

HUTCHESON, Circuit Judge.

While prior but abandoned pleadings[1] had set out in the alternative various claims, the Second Amended Complaint, on which the trial was had, declared on one simple claim, that an oil and gas lease on the described premises[2] "* * * for the term of five years from Dec. 7, 1920, and as long thereafter as oil or gas is produced from the said lease" had, because of the failure to produce in paying quantities expired, terminated and ceased.

---

[1] Kirk v. Head, 137 Tex. 44, 152 S.W. 2d 726; Dallas v. Hendricks, 140 Tex. 93, 166 S.W.2d 116; Hirsch v. Dearing, Tex. Civ.App., 151 S.W.2d 949.

[2] Lease dated 12-7-20 from Hamilton Land & Development Company to San Antonio Oil and Natural Gas Co., defendant's predecessor in title.

The defense that the lease had not ceased to produce in accordance with its terms was primarily legal, that it was admitted that there was production and that the lease did not require production "in paying quantities"; secondarily factual, that if production in paying quantities was required, the lease had not ceased so to produce.

Other defenses were (1) waiver and estoppel through permitting development and accepting royalties; (2) war restrictions preventing development; (3) changes in the lease contract converting lessee's title from a determinable to an absolute fee. The documents [3] relied on as affecting these changes were not proved up and only copies thereof were offered. Plaintiff objected to their admissibility, and they were received subject to the objection.

The trial of the case before the judge without a jury was concluded on May 17, 1944, and the case taken under advisement. On August 28, 1944, appellant filed a motion to reopen the case in order to permit him to introduce as part of the record, O. P. A. regulations providing for subsidy for stripper wells and an affidavit of M. J. Hildebrandt, secretary of the company, as to prices which would have been received for the production from the property if the subsidy had been in effect. On September 25, this motion was overruled, and on a consideration of the whole case, judgment was rendered for complainant, and defendant has appealed.

Of the opinion that Garcia v. King, 139 Tex. 578, 164 S.W.2d 509, 511, had settled it that the continuance of the lease estate required the continuance of production "in paying quantities", he found that the evidence established that for a period of years the lease had not so produced, and that cessation of such production had resulted in the automatic termination of the lease estate.[4] Of the opinion too that plaintiff had not in fact waived its right to insist, nor estopped itself from claiming,[5] that the lease had terminated, he so found. As to the claim that the failure of the lease to produce in paying quantities was excused by war, acts of the government, or other force majeure, he was of the opinion that since the lease contained no saving clause but fixed precisely the terms upon which its continuance depended, these constituted no defense.

Upon the defenses that by the documents relied on by defendant the terms of the lease had been changed to give defendant a fee simple title rather than a determin-

---

[3] They were broadly of two kinds. One was a series of instruments purporting to be executed in 1922, between one M. M. Sweetman and defendant's predecessors in title, covering certain gas and oil rights. Of these Sweetman instruments, all except one are unrecorded, and none of them, recorded or unrecorded, at all purports to change the terms of the original lease or prevent its cessation upon failure to produce.

The other, the instrument mainly relied on, is an unsigned copy of an unrecorded instrument between the original lessor, Hamilton Land & Development Co., appellee's predecessor in title, and Gas Ridge Development Co., appellant's predecessor in title, dated Jan., 1927. The significant terms of it are:

(a) A statement that under the provisions of the lease, lessees "have drilled certain wells upon said property which produce oil or gas in commercial quantities."

(b) A statement that by instrument dated 5-24-24, the parties had modified the original lease agreement of date 12-7-20, to the extent of providing for changed royalties for oil and gas and in no other respect.

(c) The following: That Whereas the parties "desire to further modify said original lease in the particulars hereinafter specified, and in no other respect, Now,

Therefore, * * * ", they "do hereby mutually agree:

"1. The Land Company hereby releases the Development Company, its predecessor, successors or assigns, from the obligation to further develop said property, or any part thereof, for oil or gas, and hereby recognizes title in the Development Company, its successors or assigns, free from forfeiture, to all oil or gas wells drilled by said Development Company, its predecessors or successors or assigns, upon the above described property, except a one-half interest in certain gas wells thereon now owned by the Land Company."

2. That the Development Company gives to the Land Company the right to drill for oil or gas on any part of the property, and the Land Company will own the production subject to paying the Development Company royalties.

3. Except as herein expressly modified, the original lease and modification are in no other respect changed.

[4] Watson v. Rochmill, 137 Tex. 565, 155 S.W.2d 783, 137 A.L.R. 1032.

[5] Kyle v. Wadley, D.C., 24 F.Supp. 884; Stanolind v. Guertzgen, 9 Cir., 100 F.2d 299; Guerra v. Chancellor, Tex.Civ.App., 103 S.W.2d 775; 13 A.L.R. 396; Watson v. Rochmill, 137 Tex. 565, 155 S.W.2d 783, 137 A.L.R. 1032.

able fee, he was of the opinion; that the documents were not admissible in evidence over the objection that their execution had not been proved; that if admissible, they were not effective to prevent termination of the lease on cessation of production in paying quantities; and that if in error as to this, complainant, holding under Tarrant, an innocent purchaser for value, would not be bound by unrecorded instruments.

We think the district judge was right throughout. The opinion of the Supreme Court in Garcia's case leaves in no doubt; that "production" as used in the lease in question means "production in paying quantities"; that the continuance in force of the lease depended on the continuance of such production; and that when that ceased, the lease automatically terminated. Neither may it be doubted that there was ample evidence to support the finding of the district judge that for some years prior to the trial the lease had not so produced. There was evidence of persons familiar with the lease that it could not be, it had not for some time been, operated except at a loss, evidence of the actual production, the operating expenses and the amounts received from it, and tax statements of defendant filed with the Wisconsin Tax Commission showing that for many years the lease had been operated at a loss. It is true that plaintiff undertook by an analysis of these returns to show that they did not truly reflect that the lease in question was operated at a loss, and that counsel for the defendant testified as one familiar with the property that it had not been so operating but had been breaking even or a little better. But the weight and credibility of all this testimony was for the district judge before whom the case was tried, and it is quite plain that upon this record we cannot say that his findings were clearly erroneous. Indeed, we think that on proper balance the evidence heavily preponderates in favor of the judge's conclusion that the lease had been operating at a loss and that the defendant was holding on to it for the speculation involved in the possibility of a deep test proving up rich deposits in much lower strata.

As to waiver and estoppel, plaintiff did nothing in any way to mislead defendant or even to induce it to develop the property. It only took the meager pittance defendant from time to time sent it, and it seems to be well settled in the law that the mere receipt of payments on account of minerals taken from one's own property does not operate as a waiver of, or an estoppel to assert, the claim that the rights of the taker as lessee have terminated.

As to the documents the defendant relies on, we think it quite clear that the district judge was right in excluding them from evidence on the ground that they had not been properly proven up. Nor are we in any doubt that, unrecorded instruments, if they had been properly proven up, they could not have been effective as against Tarrant under whom plaintiff holds or against plaintiff to change the terms of the lease so as to diminish the rights of the lessor under it. As to their effect, admissibility and innocent purchase aside, we think that the statement in clause one of the purported contract between Hamilton Land Company and defendant's predecessor[6] was intended to, and, as between the parties, did, have the effect of releasing the company from the implied obligation to further develop the lease, and was an assurance that the Land company would not claim a forfeiture for failure to further develop. This, however, in connection with an earlier statement in the contract that the Gas Ridge has "drilled certain wells upon said property which produce oil or gas in commercial quantities" must be taken not as an attempt to provide that the lease was to continue in force after production in paying quantities had ceased, but as an assurance that so long as oil in paying quantities was produced from wells then or thereafter drilled, Gas Ridge could hold the lease free from the necessity of drilling further wells. We think, therefore, that the district judge was right in holding that neither the Sweetman contracts which do not at all purport to change the title under

---

6 "1. The Land Company hereby releases the Development Company, its predecessor, successors or assigns, from the obligation to further develop said property, or any part thereof, for oil or gas, and hereby recognizes title in the Development Company, its successors or assigns, free from forfeiture, to all oil or gas wells drilled by said Development Company, its predecessors or successors or assigns, upon the above described property, except a one-half interest in certain gas wells thereon now owned by the Land Company."

which the lease is held, nor the Hamilton Land contract, if admissible and effective against the claim of innocent purchase, would have the effect claimed for them of changing the title of lessor from a determinable fee upon condition that oil be produced in paying quantities to an absolute and unconditional fee.

■ As to the action of the court in refusing the motion to reopen the case, this motion was addressed to the sound discretion of the judge, and his action will not be disturbed in the absence of a showing that it has worked an injustice in the cause. Nothing of the kind is made to appear. The record upon a full trial shows that for a long time now defendant has been operating the property with a constantly dwindling and almost disappearing return both to itself and to its lessor, and that its holding on to and operation of the lease has for some time now not been to obtain the profits from the strata then in production but in the purely speculative hope that something might develop by which production from deeper strata would be established and it might reap the benefits of that speculation. In these circumstances where the right claimed is a purely legal one, that the lease has ceased and all rights in the property have revested in the lessor, and there is an entire absence of equitable features, it cannot be said that the judge abused his discretion on the showing made to reopen the case.

The judgment was right. It is affirmed.