## ST. LOUIS ROYALTY CO. v. CONTINENTAL OIL CO. et al.

### No. 13525.

United States Court of Appeals,
Fifth Circuit.

Jan. 18, 1952.

Villard Martin, Garrett Logan, Tulsa, Okl., for appellant.

Carl W. Jones, Midland, Tex., Jesse J. Lee, Houston, Tex., Burney Braly, Ponca City, Okl., Martin A. Row, Dallas, Tex., Raymond A. Lynch, Midland, Tex., Harry J. Patterson, Ft. Worth, Tex., Willard B. Wagner, Houston, Tex., Myron A. Smith, G. R. Pate and James K. Smith, Ft. Worth, Tex., L. A. Thompson, Jr., Tulsa, Okl., W. R. Choate, Houston, Tex., for appellees.

Before HUTCHESON, Chief Judge, and RUSSELL and RIVES, Circuit Judges.

HUTCHESON, Chief Judge.

Alleging ownership of a one-twelfth mineral interest in formations below 3500 feet in described lands, and that defendants were asserting adverse claims thereto and without right producing minerals therefrom, appellant, plaintiff below, brought this suit to remove cloud and for an accounting.

The claim in substance was: that on or about October 15, 1936, its predecessors in title had executed an oil and gas lease as to this interest for a primary term of three years from January 1, 1937; that neither oil, gas, nor other mineral was discovered on, or produced from, the land during the primary term; and that the lease insofar as it affects plaintiff's interest has long since lapsed and expired.

The defendants admitted the execution of the lease as to the described interest, but denied that it had lapsed. They alleged: (1) That plaintiff's predecessors in title, acting as to the described interest, had, on October 15, 1936, joined many other named lessors, each acting as to his respective interest in executing a lease affecting the oil, gas and other minerals at and below the 3500 depth in, on, and under the several sections of land described in the lease; and (2) that, though no oil or other mineral was produced during the primary term, the lease was nevertheless kept in full force,

by compliance with the sixty day provision[1] for commencing drilling operations, the production of oil from the well so commenced, and continued production therefrom.

Other and alternative defenses were: (1) that the primary term of the lease was extended by the execution of an amendment to the lease; (2) that plaintiff, with full knowledge, that defendants were conducting oil operations as to plaintiff's interest in reliance upon their belief that they had a right to do so, did nothing to assert the claim to the contrary they now make and are thereby estopped from now asserting it; (3) that, by a judgment entered on March 6, 1946, in cause No. 34657–A, on the docket of the District Court of Tarrant County, Texas, plaintiff is barred and estopped from asserting the claim it now makes, that the lease has lapsed and expired as to their one-twelfth interest, and defendants have no title to the leasehold interest, none to the minerals they have taken therefrom; (4) the three, five, and ten year statutes of limitations and the title by adverse possession acquired thereunder; (5) the statute of limitations of four years; (6) the defense of laches and stale demand; and (7) as against the accounting for oil and gas the defense of the two year statute of limitation.

The case came on in due course for trial and was fully heard on evidence presenting no disputed fact issues. The district judge, of the opinion that the facts, the law, and the equities were with defendants, gave judgment that plaintiff take nothing and that defendants be dismissed with their costs "without prejudice to any right plaintiff may have to royalties due under the lease on account of the 1/12 mineral interest".

Plaintiff, appealing from that judgment, is here insisting: (1) that, upon the undisputed facts, the lease, as to its interest, had lapsed for non-production during the primary term; (2) that none of the other defenses, (a) limitation and title by adverse possession, (b) laches, (c) estoppel *in pais* and by judgment, and (d) extension of the lease, had been made out; and (3) that the judgment should be reversed and here rendered for it.

The appellees with equal confidence and vigor, insist that the judgment was right and should be affirmed, if not for all, at least for some, of the reasons they put forward. Adverting briefly to the facts[2] bearing on the equitable defenses, it clearly appears, we think, that plaintiff's case, by claiming the whole, instead of the royalty, interest, seeks to have its cake and eat it too, to take advantage of the labors of the

1. "If prior to discovery of oil or gas on said land Lessee should drill a dry hole or holes thereon, or if after discovery of oil or gas the production thereof should cease from any cause, this lease shall not terminate if Lessee commences additional drilling or reworking operations within sixty days thereafter or (if it be within the primary term) commences or resumes the payment or tender of rentals on or before the rental paying date next ensuing after the expiration of three months from date of completion of dry hole or cessation of production."

2. Without going into great detail, it is sufficient to point out that the record shows that plaintiff and its predecessors in title were fully informed of all the facts and circumstances attending defendants' claim to, and their operations under, the lease, and that, until plaintiff brought this suit many years after production had been obtained, not only were no steps taken to advise defendants

that adverse claims to this interest were being made, but in fact no such claims were being made. In the letter from defendant, the Continental Oil Co., to plaintiff's predecessors, requesting execution of the extension agreement, it was flatly stated that the company had been advised by its counsel that the lease had been kept in force and that the extension was asked only as a matter of extra precaution. Williams and Shelton, who held title did execute the lease, and, while Willis did not, as the testimony shows, he had no interest in it. Simkins, a member of the law firm which had charge of the matters for plaintiff's predecessors, and was president of plaintiff until October, 1948, testified that during all the time he was counsel for the syndicate and president of the corporation, he did not in any way assert invalidity of the oil and gas lease, and he was sure that at no time after the execution of the lease in 1936, did either Simpkins, Williams, or Shelton assert its invalidity.

defendants without according them their just share of the fruits thereof. If, therefore, it is not so wanting in equity, as to altogether prevent plaintiff's recovery, it certainly presents a situation in which a court of equity should strain against granting the relief sought because to do so would result in plaintiff's unjust enrichment.

While, therefore, for reasons hereafter stated, we do not find it necessary to determine whether, because of estoppel and laches, the action is wholly wanting in equity and should be dismissed for that want, we are greatly impressed with appellees' contention that it is.

Equitable defenses aside, however, we find ourselves in agreement with the appellees that the action failed, for want of title and right in plaintiff to recover, both because, under the undisputed facts, the lease did not lapse or expire, and because, if it did, the defendants, by open, notorious, and adverse possession for more than five years with payment of taxes, under a claim of right brought home to plaintiff, acquired a good and perfect title, to the leasehold interest, precluding all claims.

■ Coming first to the defense of non lapse of the lease, we realize that the question is a new one in the sense that there are no decided cases on it, and also that the answer to it is certainly not crystal clear. We are of the opinion, though, that under settled rules of construction, if we accord to the plain and simple language of the sixty day clause, note 1, supra, its ordinary meaning, the question must be answered as the district judge thought and appellees insist it should be.

In the alternative, we are in no doubt that, at the least, it must be held to be, clearly susceptible of the construction for which appellees contend, and therefore, under the undisputed facts, of such ambiguity as to defeat plaintiff's claim that because of defendants' failure to proceed in accord-

ance with its terms, the lease, as to plaintiff's interest, lapsed. If we compare the admitted facts with the provisions of the clause, it will be difficult to escape this conclusion.

The clause provides: "If prior to discovery of oil or gas on said land, lessee shall drill a dry hole or holes thereon * * *"

It is admitted that prior to discovery the lessee did drill a dry hole thereon.

It is further provided: "This lease shall not terminate if lessee commences additional drilling or reworking operations within sixty days thereafter * * *."

It is admitted that lessee did just that.

Appellant does indeed insist that the sentence in clause 5 following the sixty day provision[3] is inconsistent with appellee's contention. It is difficult, however, to see how, in the face of the precise and definite language of the sixty day clause and the admitted facts, it can be contended that because of the thirty day clause, the lease lapsed, and defendant's title failed.

Appellant insists, too, that under this construction, the result would be to completely do away with the limitation of the primary term, for by drilling successive dry holes without limit as to number so long as not more than sixty days lapsed between the completion of one and the commencement of another, the lease could be kept in force indefinitely. So insisting, it argues that this result conclusively destroys the argument for the construction based upon the so-called plain meaning of the words for which appellees contend.

Without agreeing that the construction for which appellees contend would support this imagined result, we are not deterred thereby from adopting it. For we are constrained to hold that when the onerous obligations for practically continuous drilling imposed thereby are considered, this possible result is no stronger argument against the construction appellees contend for than is the result for which appellant contends,

---

3. "* * * If at the expiration of the primary term oil, gas, or other mineral is not being produced on said land in commercial quantities, but Lessee is then engaged in drilling or reworking operations thereon, this lease shall remain in force so long as operations are prosecuted with no cessation of more than thirty consecutive days, and if they result in the production of oil, gas, or other mineral so long thereafter as oil, gas or other mineral is produced in commercial quantities from said land."

the absolute and complete forfeiture of the lease notwithstanding the drilling of the sixty day well. Indeed, we think that appellant's argument does greater violence to the lease.

In the alternative, if we are mistaken in the absolute view thus announced, that the language of the lease makes it clear that compliance with the sixty day clause kept the lease in force, we are still quite convinced that the lease has not lapsed. For there is certainly enough to be said for this view to cast doubt on the meaning of the words of the lease and, in the light not only of their meaning but of the actions and the conduct of the parties, to require a construction preventing forfeiture.[4] The authorities cited by appellant[5] are not at all to the contrary. They merely state the general, the prevailing, rule in Texas, that where the title of the lessee is subject to defeasance, upon the happening of events clearly set out in the lease, when those events come to pass, the title of the lessee ceases to exist. They do not hold that an ambiguous term in a lease can be relied upon to defeat the lessee's title especially in the face of a practical construction of it to the contrary, given by lessee and lessor.

Coming next to the defense that full title to the leasehold interest "precluding all claim", had been acquired by adverse possession, we are of the clear opinion that if, contrary to what has been said above,

the lease did in fact and in law lapse, plaintiff was still not entitled to recover. This is because the undisputed evidence established, not merely as matter of fact but as matter of law, that every element of the adverse possession required under the five year statute of limitation was present in this case and that the defendants were entitled to judgment on the basis of the superior title thus acquired.[6] It is not meant by this to say that plaintiff's action to remove cloud was barred in four years. The contrary is definitely and correctly held in Watson v. Rochmill, 137 Tex. 565, 155 S. W.2d 783, 137 A.L.R. 1032. It is, though, to say that defendants, under the express terms of Article 5512, acquired by adverse possession full title precluding all claims, and that if, as plaintiff contends, the lease did lapse, and plaintiff did reacquire title to the interest free from the lease, this title was divested out of it and vested in defendant.[7]

Because these views require affirmance of the judgment, it will not be necessary for us to definitely determine the validity vel non of the other defenses: (1) estoppel in pais and by judgment; (2) the extension of the lease by agreement; and (3) laches. It will be sufficient to say that if, as appellant insists, none of these defenses, as defenses, was made out, we are in no doubt that the evidence offered in support of them had, and has, an important bearing in the decision of this case, generally in respect

4. Ryan v. Kent, Tex.Com.App., 36 S.W.2d 1007; Knight v. Chicago Corp., 144 Tex. 98, 103, 188 S.W.2d 564; Decker v. Kirlicks, 110 Tex. 90, 216 S.W. 385; Bouldin v. Gulf Production Co., Tex.Civ.App., 5 S.W.2d 1019; McCallister v. Texas Co., Tex.Civ.App., 223 S.W. 859; Phillips Petroleum Co. v. Rudd, Tex.Civ.App., 226 S.W.2d 464; United Dredging Co. v. United States, 6 Cir., 81 F.2d 118; Ransome Const. Co. v. VonSchroeder, 34 Cal.App. 475, 167 P. 1144.

5. Gillespie v. Bobo, 5 Cir., 271 F. 641; Empire Gas & Fuel Co. v. Saunders, 5 Cir., 22 F.2d 733; Guerra v. Chancellor, Tex.Civ.App., 103 S.W.2d 775; Cox v. Miller, Tex.Civ.App., 184 S.W.2d 323; Watson v. Rochmill, 137 Tex. 565, 155 S.W.2d 783, 137 A.L.R. 1032; Gas Ridge,

Inc., v. Suburban, Agricultural Properties, 5 Cir., 150 F.2d 363.

6. Vernon's Texas Civil Statutes, arts. 5509, 5512; Marshburn v. Stewart, Tex. Civ.App., 295 S.W. 679, 687; Choice v. Texas Co., D.C., 2 F.Supp. 160, 161; Terry v. Prairie Oil & Gas Co., 5 Cir., 83 F.2d 843; Kilpatrick v. Gulf Production Co., Tex.Civ.App., 139 S.W.2d 653; Crawford v. Humble Oil & Refining Co., Tex.Civ.App., 150 S.W.2d 849; Rosborough v. Cook, 108 Tex. 364, 194 S.W. 131; McKee v. Stewart, 139 Tex. 260, 162 S.W.2d 948; Avis v. First National Bank of Wichita Falls, 141 Tex. 489, 174 S.W.2d 255.

7. Neill v. Pure Oil Co., Tex.Civ.App., 101 S.W.2d 402; Bookhout v. McGeorge, Tex.Civ.App., 65 S.W.2d 512.

of the over-all equities, and particularly on the defenses of limitation and of denial that the lease lapsed. This bearing is that they show that the things defendants were doing were not done secretly and in a corner, but openly and in the face of all the world, with full knowledge thereof brought home to plaintiff and its predecessors in title. Standing thus, they give color and character to these defenses, they render the ambiguous unambiguous, the equivocal unequivocal, they make more clear the right of the defendants to judgment, quieting their title to the leasehold interest.

■ . Finally, we are of the opinion that this evidence has such precise bearing on the nature and extent of the claims appellees made and are making in regard to the interest involved in this suit as to leave in no doubt that they were claiming the leasehold interest only, the royalty interest not at all. The judgment should, therefore, be modified to direct an accounting to plaintiff for the royalty interest, with the right in plaintiff to apply below for orders at the foot of the decree if a full ·accounting is not speedily and voluntarily made. As modified, it is affirmed; costs of appeal to be equally divided.

Modified and affirmed.

RUSSELL, Circuit Judge (specially concurring).

The Court's decision upon the effect of the "sixty day clause" in the lease rules this case upon an adequate ground and I wholly concur therein. This renders unnecessary a decision upon the limitation question. As to this, whether if the mineral lease be considered as expired or lapsed it nevertheless should be given the effect of a "deed duly registered" within the terms of the five year limitation provision of Article 5509 of the Texas statutes in litigation between the parties to such lease (and who would thereafter be co-tenants) appears doubtful, to say the least. However, since solution is unnecessary to a decision I refrain from formulation and expression of an opinion upon this question.