COL–TEX REFINING CO. v. COFFIELD & GUTHRIE, Inc.

No. 13769.

United States Court of Appeals, Fifth Circuit.

May 10, 1952.

---

John W. Stayton, Austin, Tex., for appellant.

W. F. Weeks, Tyler, Tex., E. A. Camp, Rockdale, Tex., C. C. Small, Austin, Tex., for appellee.

Before HUTCHESON, Chief Judge, and BORAH and RUSSELL, Circuit Judges.

HUTCHESON, Chief Judge.

Alleging that defendant was refusing to take and pay for oil delivered to it under contract therefor, plaintiff brought this suit on a written contract: for a money judgment for oil delivered and not paid for; and for a declaratory judgment fixing the rights of the parties thereunder and decreeing specific performance thereof.

Appellant, defendant below, denying that the instrument sued on constituted a valid and enforceable contract, but admitting that plaintiff had been delivered oil thereunder, attacked the contract as invalid because the 12.5c per barrel referred to in it as part of the purchase price of the oil was a subterfuge for an alleged overcharge for services rendered by plaintiff as a common carrier.

In reply to defendant's answer, plaintiff denied that it is a common carrier and that, as such, it performed any service for defendant. Alleging that the 12½ cents per barrel received over the price it paid for the oil was profit to the plaintiff in the purchase and sale of the oil, it particularly denied defendant's charge that it was a subterfuge under which plaintiff illegally exacted an excessive price for services furnished as a common carrier.

Thereafter, the cause coming on for hearing before the judge without a jury, plaintiff in open court stated that since the filing of the suit, defendant had paid plaintiff all sums due and had taken, and was continuing to take and pay for, all oil tendered it by plaintiff under the contract and possibly the proper thing for plaintiff to do was to dismiss the case.

Then followed a colloquy between court and counsel, in the course of which counsel for defendant stated that the defendant claimed that the contract was fatally indefinite in that it did not state the terms with any certainty upon which the oil is to be bought. In the end it came down to this:

The court:

"In other words, you want to take the burden now and go forward on what you allege to be the invalidity of the contract?"

Mr. Slayton for defendant:

"We are willing to go forward."

The court:

"All right, I will hear you."

Thereafter, the defendant offered, over plaintiff's objection that they were not material: a stipulation;[1] a series of prior

---

1. "The parties to the above entitled and numbered cause stipulate and agree as follows:

(1) A reasonable charge for gathering crude oil in the Coleman and Sharon Ridge oil fields in Scurry and Mitchell Counties, Texas, and for transporting said oil to defendant's Westbrook station in Mitchell County, Texas, is 7.5c per barrel; and any charge for such service in excess of 7.5c per barrel would be unreasonable and excessive.

(2) This stipulation is without prejudice to plaintiff's contention that, since plaintiff purchases from producers in the fields named above the oil which plaintiff gathers in said fields and transports to defendant's Westbrook station, where said oil is sold to defendant, plaintiff, in fixing the price charged defendant for

contracts and extensions thereof, for the purchase of oil, between the same parties under which the physical handling of the oil was the same as it is now, and in which it was stated that the charge over the price paid by the plaintiff for the oil was a charge for gathering and transportation; and the contract in suit.[2] It further agreed: that all oil purchased over the years had been paid for without any dispute or difficulty as to the method of arriving at the price to be paid therefor; that plaintiff had never applied to the Railroad Commission for the fixing of a rate or tariff for the gathering and transportation of oil from the Sharon Ridge field or any other point to Westbrook station; and that no one had ever requested the Commission to fix such a rate.

The evidence in, the district judge filed findings of fact and conclusions of law,[3] and entered judgment[4] against defendant's claim.

Appealing from that judgment, defendant is here insisting that it made out its case of indefiniteness in the contract; that the judgment was, therefore, erroneous, and must be reversed. The plaintiff vigorously opposes this view asserting that the defendant failed both to allege and to prove the indefiniteness it now asserts.

While in view of the colloquies between court and counsel, we disagree with appellee's position that the issue of indefiniteness was not sufficiently tendered, we agree with it that it was not supported by proof.

■ It is quite plain that, on their face, the terms in the contract attacked by appellant as indefinite, "any three of the major companies", and "area", are not on their face indefinite or ambiguous, and that no evidence was introduced showing or tending to show that they became so when applied to the subject matter of the contract.

■ It is equally plain that the evidence, which was introduced, of long and continuous dealings between the parties without dispute or difficulty of any kind as to the price agreed to be paid, was, under the authorities,[5] sufficient to remove any indefiniteness and clarify any ambiguity.

■ It is even plainer that, construed as a whole, the defendant has put up a straw man to knock him down, for the contract expressly binds the defendant to pay a sum precisely fixed as "the price posted by Coffield and Guthrie, Inc."

It is true that the contract does go on to state upon what this price shall be based. This statement, however, does not inject

said oil, is not limited to a price equivalent to the price plaintiff pays the producers of said oil plus a reasonable charge for gathering said oil and transporting it to defendant's Westbrook station. * * *"

2. This provided for the purchase by plaintiff of oil in the Sharon Ridge and Coleman oil pools in Scurry and Mitchell Counties, and the sale and delivery of same to defendant at the price posted by Coffield & Guthrie, Inc., which price shall be based on average posted price by any three of the major companies for like grades of crude oil in the area in which it is received on the day on which it is received by said Col-Tex Refining Company, plus twelve and one-half cents per barrel.

3. In substance these were: that the contract as a whole and as construed by the parties was not indefinite; that if any of its terms might on their face be so considered or ambiguous, the evidence shows that both parties understood the terms

as used in their dealings with each other and as experienced oil men understood such terms as applied in the industry; that they had, by their uniform construction of them, removed any doubt, uncertainty, or ambiguity which might have been supposed initially to have inhered in their use; and that the charge of 12½ cents over the price paid by plaintiff was a real part of the sale price to defendant and there was no substance to defendant's contention that it was a mere subterfuge cloaking an illegal and excessive price for common carrier services.

4. The judgment was: (1) that plaintiff take nothing upon its money demand; (2) that the contract in suit is valid and binding; and (3) that defendant be taxed with the costs of suit.

5. Lone Star Gas Co. v. X-Ray Gas Co., 139 Tex. 546, 164 S.W.2d 504; Superior Oil Co. v. Stanolind, Tex., 240 S.W.2d 281; St. Louis Royalty Co. v. Continental Oil Co., 5 Cir., 193 F.2d 778, at page 781.

any element of uncertainty into the contract. It merely furnishes a basis for adjusting Coffield & Guthrie's posted price if that price seems, or is, out of line with prices generally prevailing in the field.

Defendant's attack upon the contract makes a mountain out of a molehill and a very small one at that. The judgment was right. It is affirmed.