Zona **PARDUE** et al., Appellants,

v.

Griffith **MARK** et al., Appellees.

No. 15625.

Court of Civil Appeals of Texas.

Fort Worth.

May 20, 1955.

continuance thereof by the redrilling at a new site of a hole in which further drilling was impracticable or impossible due to pipe having become wedged therein.

The primary term of the lease was five years. By additional provision it was agreed that the lease should remain in force *"as long thereafter as oil or gas, or either of them is produced from said land by the lessee, or as long as operations are being carried on."* (Emphasis supplied.)

Trial was to the court without intervention of a jury, and from a judgment for the defendants (appellees), the plaintiffs ·(appellants) perfected an appeal.·

Judgment affirmed.

■ Quare: Under an oil and gas lease containing the quoted provisions, where a location upon the leased land is made, and drilling operations thereon begun during the primary five (5) year period of such lease,—but where after the expiration thereof the loss of pipe casing in the hole makes it impossible or impracticable of completion as an oil well through such hole,—is the life of the lease preserved by the prompt institution of redrilling operations, i. e., the drilling of a second hole on the same location but at a different site?

Answer: Yes. The language quoted from the lease regarding "operations" carried on upon the leased premises, when viewed in the light of what occurred, is clearly susceptible of the construction for which appellees contend. Under the undisputed facts, when applied to the situation created by the redrill through a new hole, the contractual provisions are demonstrated to be of such ambiguity in the circumstances as to defeat appellants' claim. Their claim was that the lease had lapsed because of appellees' discontinuance of operations at the site of the first hole. St. Louis Royalty Co. v. Continental Oil Co., 1952, 5 Cir., 193 F.2d 778. There is no provision of the contract which need be considered other than the one quoted. Since this is so, our construction is not affected by the recent holding in the case

L. H. Welch, Breckenridge, for appellants.

Rogers & Eggers, Guy Rogers, Wichita Falls, for appellees.

MASSEY, Chief Justice.

The appellants in this case sued to terminate an oil and gas lease in Young County, Texas. Basis of the suit was appellants' claim that appellees' lease had expired by its own terms upon the termination by appellees of certain drilling operations in progress at the end of a primary term in an oil and gas lease. Appellees contended that there was no cessation or discontinuance of operations, but rather a

of Rogers v. Osborn, 1953, 152 Tex. 540, 261 S.W.2d 311.

■ Of course, there might be a fact question involved upon the question of whether the lapse of time intervening between that time when the circumstances occasioned a discontinuance of operations upon the site of the first hole and that time when actual operations were begun upon its redrilling, or the drilling at the site of the second. The question is one of reasonable diligence of operations, with the operations at the two separate sites considered as one operation, and, as such, tested as to continuance or discontinuance. In the present instance, the trial court found as a matter of fact that upon the loss of the first hole the drilling contractor skidded his rig and moved the tools and immediately began the drilling of the second, and that there was no delay in the prosecution of operations in the drilling of the well contemplated by the contract.

The existence of the fact question was absent in the case upon which appellants rely. In that case, Stephenson v. Calliham, 1926, Tex.Civ.App., San Antonio, 289 S.W. 158, the undisputed facts established that operations on a lease, begun prior to expiration of its primary term but continued afterward, had entirely ceased. The court held that the lessee, in voluntarily ceasing operations, destroyed by his own act the last spark of life in the lease. Here, we believe that the fact question was raised by the evidence, and, as heretofore noted, was resolved against the appellants.

There is an additional reason to support our construction of the contract as above announced. The term concerning operations was given the same practical construction by the appellants as the appellees up until the time production of oil was obtained upon the completion of redrilling operations at the second site. With full knowledge on the part of each of the appellants, but with no protest on their part, the rig was skidded from the first site to the second and the drilling at the second site begun and prosecuted to a successful conclusion. They visited the new site where operations were in progress. Certainly, even should we be in error in making the construction which we have made of the contract, there is enough to be said for our view to cast doubt that the proper meaning of the words of the lease concerning "operations" was that claimed by the appellants, and in the light thereof, coupled with the actions and conduct of the parties, to require a construction preventing forfeiture. St. Louis Royalty Co. v. Continental Oil Co., supra, and cases cited in footnotes on page 781 of the opinion; 10 Tex.Jur., p. 298, "Contracts", sec. 171, "Construction by Parties"; see text to be added to the section in Tex.Jur. Ten Year Supp. and note 10.5 thereunder, and cases under this note.

■ Though it is true in Texas that where the title of a lessee is subject to defeasance upon the happening of events clearly set out in the lease, his title ceases to exist when those events come to pass, yet, though there might be some provision of ambiguity which could be relied upon to defeat the lessee's title, it should not be permitted to prevail to such a result in the face of a practical construction of the provision to the contrary, given it by both the lessor and lessee, during the time the lessee acted in the performance of his contractual obligations in the good faith belief that there had been no forfeiture. See note 11 under 10 Tex.Jur., sec. 171, p. 300, and the cases cited thereunder.

Judgment is affirmed.