Robert PRESTON, Appellant,

v.

Cordia LAMBERT et al., Appellees.

No. 4573.

Court of Civil Appeals of Texas, Eastland.

Jan. 12, 1973.

Rehearing Denied Feb. 9, 1973.

Robert Preston, pro se.

Elton Montgomery, Jennings, Montgomery & Dies, Graham, for appellees.

BROWN, Justice.

Plaintiffs, Cordia Lambert, owner of the surface, and George Glasscock, a joint owner with Lambert of the mineral estate, sought recovery for salt water damages and the termination of defendant Robert Preston's oil and gas leasehold estate covering portions of plaintiffs' lands. Trial was had before the court without a jury. During the course of the trial, all issues were severed, except those pertaining to the validity of Preston's title to the oil and gas lease.

The trial court entered judgment for the plaintiffs terminating the oil and gas lease. The defendant has appealed contending the trial court erred in holding that special provisions in the lease contract were without force and effect, and that the defendant was not entitled to an estoppel defense. The leasehold estate which the trial court terminated was a portion of the premises leased by the plaintiffs in an oil and gas lease dated July 13, 1948.

The lease was for a term of "five years . . ., and so long thereafter as oil and gas, or either of them is produced from said land by the lessee." The principal provisions of the lease are as follows:

"If, at the expiration of five years from the date of this lease, oil and gas are not being produced on the leased premises but lessee is then engaged in drilling for oil or gas, then this lease shall continue in force so long as drilling operations are being continuously prosecuted on the leased premises; and drilling operations shall be considered to be continuously prosecuted if not more than sixty (60) days shall elapse between the completion or abandonment of one well and the beginning of operations for the drilling of a subsequent well. * * *

It is especially agreed that in the event that oil or gas is produced from said premises and said production shall for any reason cease or terminate, lessee shall have the right at any time within ninety (90) days from the cessation of such production to resume drilling operations in the effort to make said leased premises again produce oil and gas, in which event this lease shall remain in force so long as such operations are continuously prosecuted as defined in the preceding paragraph, and if they result in production of oil or gas, so long thereafter as oil or gas is produced in paying quantities from the premises."

Defendant complains of the trial court's interpretation of the following provision:

"In the event lessor considers that lessee has not complied with all its obligations hereunder, both express and implied, before production has been secured or after production has been secured, lessor shall notify lessee in writing, setting out specifically in what respects lessee has breached this contract. Lessee shall then have sixty (60) days after receipt of said notice within which to meet or commence to meet all or any part of the breaches alleged by lessor. The service of said notice shall be precedent to the bringing of any action by lessor on said lease for any cause and no such action shall be brought until the lapse of sixty (60) days after service of such notice on lessee. Neither the service of said notice nor the doing of any acts by lessee aimed to meet all or any of the alleged breaches shall be deemed an admission or presumption that lessee has failed to perform all its obligations hereunder.

Title to the minerals vested in grantee under this grant shall not end or revert to grantor until there is a complete, absolute and intentional abandonment by grantee of each and all of the purposes, expressed or implied, of this grant and every part and parcel of the premises described in this grant."

■ The record reflects that the records of the Railroad Commission of the State of Texas shows no production from the

premises for a period of time from June, 1970, through July, 1971. The defendant, Preston, acknowledged that he had not commenced any drilling operations on the premises. From these facts, the trial court correctly held that the lease terminated by its own terms, Wainwright v. Wainwright, 359 S.W.2d 628 (Tex.Civ.App.—Ft. Worth 1962, writ ref'd. n. r. e.), Hall v. McWilliams, 404 S.W.2d 606 (Tex.Civ.App.—Austin 1966, writ ref'd n. r. e.), unless the sixty day written notice clause added to Preston's determinable fee. The fact that no written notice was given by plaintiffs to Preston is undisputed.

The San Antonio Court in Lynch v. Southern Coast Drilling Company, 442 S.W.2d 804 (Tex.Civ.App.—San Antonio 1969, no writ hist.), had before it identical lease provisions. The Court said:

"By its very language, the lease provision relating to notice is applicable only where lessor is claiming that 'lessee has not complied with all its obligations' under the lease. It is now well settled in Texas that an oil and gas lease, such as the one before us, creates a determinable fee in the lessee, and that the provision to the effect that, after the expiration of the primary term of five years, the lease shall continue in force as long as oil or gas is produced constitutes a special limitation upon the estate transferred. * * *

When the condition constituting the special limitation occurred, the lease terminated by force of such limitation, and not as a result of any default in their obligations by lessees or of any breach by lessees of any contractural duties imposed upon them by the terms of the lease. * * *

Since the special limitation imposes no obligation on lessees to perform any duty, the clause providing for notice has no application here. Cf. Stephenson v. Calliham, 289 S.W. 158 (Tex.Civ.App.—San Antonio 1926, no writ). After the production of oil or gas had ceased, the lease could be continued in effect by the commencement, within ninety days, and continuous prosecution of drilling operations. If such drilling operations were not commenced within the specified time, the lease automatically terminated, and there was nothing lessees could do 'to correct, or begin to correct, the asserted default'."

The Court further stated:

"Without attempting to indicate to which situations, if any, the abandonment clause might properly be applied, we simply hold that where an event occurs which, under the language of the lease, limits the duration of the estate, a clause which purports to protect the lessee against loss of his rights unless the circumstances show an intent to abandon is inapplicable."

We hold that the trial court was correct in holding the notice clause was not applicable.

■ Estoppel must be especially pleaded to be available as a defense. Rule 94, Texas Rules of Civil Procedure. The defendant, Preston, did not affirmatively allege estoppel nor is there any evidence of estoppel. The defendant's point is overruled.

Having considered all of defendant's points of error and finding none with merit, the judgment of the trial court is affirmed.