In the Matter of BALCONES OIL COMPANY, INC., Debtor.

PRIMO RESOURCES, INC., Plaintiff,

v.

BALCONES OIL COMPANY, INC., Defendant.

Bankruptcy No. 1–81–00103–E.
Adv. No. 1–81–0069–E.

United States Bankruptcy Court,
W. D. Texas,
Austin Division.

Sept. 15, 1981.

Ted R. Cackowski, Austin, Tex., for debtor/defendant.

Edward V. Dylla, San Antonio, Tex., for Primo Resources, Inc., plaintiff.

## MEMORANDUM ORDER OF THE COURT

JOSEPH C. ELLIOTT, Bankruptcy Judge:

Pursuant to due notice to all parties, this case came on for hearing before this Court on April 29 and 30, 1981, and after due consideration of the record, the documentary evidence, the briefs and the arguments of counsel, this Court renders the following decision.

### Findings of Fact

On February 27, 1981, the Defendant, Balcones Oil Company, Inc., filed in this Court a petition for relief under Chapter XI (the "Petition"), and an Order for relief was duly entered thereon. Among the assets claimed by the Defendant in its Statement of Financial Affairs are certain oil and gas leases on the Smith, Foster and Burns properties located in the Big Foot Field in Frio County, Texas.

In December 1980, Plaintiff became aware of the possible availability of the Smith, Foster and Burns properties for leasing for oil and gas. After investigation, Plaintiff concluded that Defendant's oil and gas leases were past their primary term, that no production had occurred for many months on any of the leases, and that new leases could be made with the mineral owners of such properties. Accordingly, in late February and early March 1981, leases between Plaintiff and the mineral owners of the Smith, Foster and Burns properties were executed.[1] Subsequently, Plaintiff discovered that Defendant was claiming that its leases on the Smith, Foster and

1. (a) Plaintiff's lease on the Smith property, being the Kire F. Smith et ux lease, is dated March 1, 1981, and covers the following: All of the East one-half (E ½) of Survey No. 1380, Abstract 1092, J. A. Praglin, Original Grantee, containing 332.5 acres of land, more or less. (b) Plaintiff's lease on the Foster property, being the Bryan Curtis Foster and George Gordon Foster lease, is dated February 25, 1981, and covers the following: All of the West one-half (½) of Survey 1380, A–1092, J. A. Praglin, Original Grantee, and being the same land conveyed to Janie Ruth Foster by G. W. Foster, et ux, by deed dated June 17, 1932 and recorded in Volume 88, Page 578 of the Deed Records of Frio County, Texas; and being the same land described in Oil, Gas and Mineral lease dated August 26, 1971, between Janie Ruth Foster, a feme sole, Lessor, and W. E. Colson, Lessee, recorded in Vol. 285, Page 224–25, of the Deed Records of Frio County, Texas. (c) Plaintiff's lease on the Burns property, being the Ann Burns lease, is dated March 5, 1981, and covers the following: *Tract No. 1*: All of the easternmost one-fourth of Survey No. One (1), Abstract No. 940, T. N. Clifton, Original Grantee, containing 320 acres, more or less, save and except therefrom the following described tracts: Tract A: Approximately fifty acres, more or less, being the North fifty acres of that certain 80 acre tract described as Tract No. 4 in that certain Assignment of Mineral Leases executed November 29, 1949 by Shell Oil Company in favor of W. G. Darsey, et al, said assignment of record in Vol. 138, Page 566, Deed Records, Frio County, Texas, being all of said 80 acre tract lying in the T. N. Clifton Survey No. 1. Tract B: That certain 74.22 acre tract described as Tract 1 in a Partial Release of Oil and Gas Leases dated March 18, 1971, from Shell Oil

Burns properties were still in effect, and that such leases were a part of its estate. Plaintiff also discovered that on April 7, 1981 Defendant had filed in the Lis Pendens records of Frio County, Texas an instrument captioned "Notice of Lis Pendens", the same relating to the Smith, Foster and Burns properties.

Thereafter, this proceeding was initiated by Plaintiff to secure a determination that Defendant has no current interest in the Smith, Foster and Burns properties, that Defendant's leases on said properties terminated according to their terms prior to the filing of the Petition on February 27, 1981, that Plaintiff is now the owner and proper operator of the leases it secured on said properties, that the Notice of Lis Pendens filed by the Defendant on April 7, 1981 in the Lis Pendens records of Frio County, Texas is null and void, and that the Defendant should file a Release of Lis Pendens to reflect such determination.

Defendant's Smith lease was executed on August 23, 1971, its Foster lease was executed on August 26, 1971, and its Burns lease was executed on July 18, 1972. Each lease contains a habendum clause providing for a primary term of five years and a secondary term of "as long thereafter as oil, gas or other mineral is produced from said land . . ." In addition, each lease contains, in Paragraph 6 thereof, a 60 day drilling or reworking clause, which clause had the effect of keeping the basic lease alive, despite the habendum clause, if production ceased during the secondary term, provided the Defendant commenced drilling or reworking operations within the 60 day time period. Thus, since each of the leases was past its primary term, each could be maintained in the secondary term only so long as there was production from the lease, or there was drilling and reworking activity conducted on such lease within 60 days after production ceased.

Plaintiff contended that from December 18, 1980 through February 26, 1981, a period of 70 days, there was no production whatsoever from the Smith, Foster and Burns properties and, further, that during that period there were no drilling or reworking activities conducted on said properties by the Defendant. Therefore, according to Plaintiff's reasoning, the Defendant's leases expired as early as February 17, 1981, and the Defendant had no continuing interest in said properties over which this Court should continue to exercise jurisdiction by virtue of 28 U.S.C. § 1471(e) and 11 U.S.C. § 362. On the other hand, while the Defendant did not deny that there were no drilling or reworking activities conducted on the properties from December 18, 1980 through February 26, 1981, it did contend that production never ceased during the referenced period and, therefore, the leases were still in effect.

While there was contradictory testimony adduced at the hearing as to whether or not there was production during the period from December 18, 1980 through February 26, 1981, the uncontradicted testimony of Energy Distributing Company, the sole purchaser of oil from the Smith, Foster and Burns properties, was that no oil was sold by Defendant from the Smith lease after August 29, 1980, that no oil was sold from the Burns lease after June 30, 1980, and that no oil was sold from the Foster lease after December 12, 1980. Furthermore, there was no testimony from the Defendant that any oil was consumed by it at any time on the premises of any of the leases. Finally, there was credible testimony from Plaintiff's witnesses, including Mr. C. Ernest Allerkamp, the President of the Plaintiff, and the only duly qualified expert to testify at the hearing, to the effect that there was no production from the leases during the period from December 18, 1980 through February 26, 1981 because electricity to the wells

Co., in favor of Jane Burns, of record in Vol. 280, Page 97, Deed Records of Frio County, Texas, reference to said instrument here being made for the more particular description of said 74.22 acre tract. *Tract No. 2*: W. H. Farmer Survey No. 17½, Abstract No. 801, and

containing 160.11 acres, more or less. *Tract No. 3*: J. M. Whitley Survey No. 17½, Abstract No. 801, and containing 160.11 acres, more or less. *Tract No. 4*: H. P. Farmer Survey No. 111, Abstract No. 800, and containing 161.46 acres, more or less.

had been cut off and the wells had been "shut-in".

## CONCLUSIONS OF LAW

■ Upon the filing of the Defendant's Petition, this Court immediately had exclusive jurisdiction over all of the property of Defendant, wherever located, as of such date. 28 U.S.C. § 1471. It is plain from 28 U.S.C. § 1471(e) that the *in rem* jurisdiction of this Court extends not only to the property which was in the possession of Defendant at the time of the filing, but also to property as to which the debtor merely asserted ownership, i.e., the leases on the Smith Foster and Burns properties, regardless of whether or not such property was in its possession. 1 *Collier Bankruptcy Manual*, § 3.01[e], at 3–23 (1980). A necessary corollary to such jurisdiction is the power of this Court to determine whether or not said leases were, indeed, property of the Defendant as of the date of the filing. 1 *Collier Bankruptcy Manual*, § 3.01[e], at 3–24 (1980). If such leases had terminated prior to the filing of the Petition, then the automatic stay relief afforded by 11 U.S.C. § 362 would not be applicable. *Schokbeton Industries, Inc. v. Schokbeton Products Corporation*, 466 F.2d 171 (5th Cir. 1972); *Good Hope Refineries, Inc. v. Benavides*, 602 F.2d 998 (1st Cir. 1979), *cert. denied*, 444 U.S. 992, 100 S.Ct. 523, 62 L.Ed.2d 421 (1979); and *In re Trigg*, 630 F.2d 1370 (10th Cir. 1980).

■ Because the leases herein involved are located in Texas, Texas law governs in determining the extent of the continuing property interest of Defendant therein, *Good Hope Refineries, Inc. v. Benavides, supra*, at fn. 2, and under Texas law it is clear that (a) where the primary term of an oil and gas lease has expired, and (b) where there is a total cessation of production from the lease during the secondary term thereof and (c) where there are no drilling or reworking operations on the lease for more than 60 days during the secondary term, as required by a drilling or reworking provision in the lease, the lease automatically terminates by its own terms after 60 days

of non-production and no drilling or reworking activities. *Woodson Oil Company v. Pruett*, 281 S.W.2d 159 (Tex.Civ.App.—San Antonio 1955, writ ref'd n.r.e.); *Wainwright v. Wainwright*, 359 S.W.2d 628 (Tex. Civ.App.—Fort Worth 1962, writ ref'd n.r. e.); *Hall v. McWilliams*, 404 S.W.2d 606 (Tex.Civ.App.—Austin 1966, writ ref'd n.r. e.); *Lynch v. Southern Coast Drilling Company, Inc.*, 442 S.W.2d 804 (Tex.Civ.App.—San Antonio 1969, no writ); *Preston v. Lambert*, 489 S.W.2d 955 (Tex.Civ.App.—Eastland 1973, writ ref'd n.r.e.); and *Waggoner & Zeller Oil Company v. Deike*, 508 S.W.2d 163 (Tex.Civ.App.—Austin 1974, writ ref'd n.r.e.). Finally, it is also clear under Texas law that in order to have "production" from a well, minerals must be produced, saved and sold, or produced, saved and consumed by the lessee in its lease operations. *Rogers v. Osborn*, 152 Tex. 540, 261 S.W.2d 311 (1953); *Gulf Oil Corporation v. Reid*, 161 Tex. 51, 337 S.W.2d 267 (1960); and *Francis v. Pritchett*, 278 S.W.2d 288 (Tex.Civ.App.—El Paso 1955, writ ref'd).

■ Based on a preponderance of the evidence presented, and the holdings of the cases cited above, this Court finds that, as a matter of law, Defendant's leases on the Smith, Foster and Burns properties expired by their own terms prior to the filing of the Petition herein, by virtue of the fact that during the secondary term of the leases, namely from December 18, 1980 through February 26, 1981, a period in excess of 60 days, there was no production from said leases, and there were no drilling or reworking activities conducted by Defendant on said leases during said 60 day period. Accordingly, it follows that the Defendant had no continuing interest in the leases when its Petition was filed.

THEREFORE, it is hereby ORDERED, ADJUDGED and DECREED as follows:

(1) That the automatic stay in effect pursuant to 11 U.S.C. § 362 with respect to the Smith, Foster and Burns properties and the Defendant's leases thereon is hereby lifted and removed,

(2) That Plaintiff, Primo Resources, Inc., is hereby declared to be the owner and proper operator of the leases it secured in February-March, 1981 with respect to the Smith, Foster and Burns properties,

(3) That the Notice of Lis Pendens filed by Defendant in the Lis Pendens records of Frio County, Texas with respect to the Smith, Foster and Burns properties is hereby declared null and void, and

(4) That counsel for Defendant is hereby instructed to prepare and file in the Lis Pendens records of Frio County, Texas a Release of Lis Pendens with respect to the Smith, Foster and Burns properties.